## UNITED STATES COURT OF INTERNATIONAL TRADE

-----------------------------------------------------------------

EMPIRE JEWELRY INC.,

                Plaintiff,

-against-

UNITED STATES,

                Defendant.

COMPLAINT

Case No. 1:24-cv-127

-----------------------------------------------------------------

Plaintiff, Empire Jewelry Inc. ("Plaintiff") by its attorneys, Cowan, Liebowitz & Latman, P.C., and pursuant to the Rules of the United States Court of International Trade, hereby alleges as follows:

### THE PARTIES AND JURISDICTION

1. This court has jurisdiction of this action brought by Plaintiff against defendant United States (hereinafter, "Defendant") pursuant to 28 U.S.C. §1581(a).

2. This action contests the decision of United States Customs and Border Protection (hereinafter, "Customs"), an agency and instrumentality of Defendant, to deny one (1) protest timely filed by Plaintiff and identified as Protest number 470123102690 ("Protest").

3. Plaintiff is a New York corporation with its principal place of business at 55 West 47th Street, Suite 610, New York, New York 10036.

32711/002/5177195.1

4. Plaintiff, the importer of record with respect to the entry that is the subject of this action and the protesting party with respect to the Protest that is the subject of this action, has standing to commence this action pursuant to 28 U.S.C. §2631(a).

5. On July 26, 2024, Plaintiff timely filed with this Court, within 180 days of Customs' denial of the subject Protest, a summons commencing a civil action against Defendant in order to contest the above-described denial of Plaintiff's Protest by Customs, Defendant's agency and instrumentality.

6. Plaintiff timely paid all liquidated duties with respect to the subject entries of covered by the subject Protest, prior to the filing of the relevant summons.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 herein, with the same force and effect as if again set forth.

8. The Protest at issue herein covers the single (1) entry of merchandise imported into the United States by Plaintiff from Oman through the port of J.F.K. International Airport, New York under cover of entry number 821-0274607-8 on October 14, 2021.

9. The merchandise covered by the subject entry consists of "articles of jewelry of precious metal" ("Gold Jewelry").

10. At time of entry, the Gold Jewelry was classified by Plaintiff under subheading 7113.19.5090 of the Harmonized Tariff Schedule of the United States ("HTSUS") (2021).

11. Subheading 7113.19.5090, HTSUS (2021) provides for "Articles of jewelry, and parts thereof, of precious metal or of metal clad with precious metal; Of other precious metal whether or note plated or clad with precious metal; Other; Other; Other".

12. Merchandise classifiable under subheading 7113.19.5090, HTSUS (2021) and originating from Oman qualifies for duty free entry to the U.S., pursuant to the United States-Oman Free Trade Agreement Implementation Act ("UOFTA"), as a product of a beneficiary country. The correct tariff classification code for goods imported from Oman subject to UOFTA is OM7113.19.5090.

13. On October 7, 2022, Customs liquidated the subject entry, classifying the Gold Jewelry imported from Oman under subheading 7113.19.5090, HTSUS (2021), covering the following jewelry articles *not* subject to the provisions of UOFTA: "Articles of jewelry, and parts thereof, of precious metal or of metal clad with precious metal; Of other precious metal whether or not plated or clad with precious metal; Other; Other; Other," assessing duties against such merchandise at the duty rate of 5.5%, plus interest.

14. On February 22, 2024, Plaintiff submitted payment to Customs for the estimated duties claimed due by Customs at time of the respective liquidation as a result of Customs' misclassification of the Gold Jewelry under subheading 7113.19.5090, HTSUS (2021).

15. Pursuant to 19 U.S.C. §1514(a), Plaintiff timely filed its Protest together with an Application for Further Review ("AFR") with Customs on April 3, 2023 (within 180 days of Customs' October 7, 2022 liquidation of the subject entry) to contest Customs' decision at time of liquidation of said entry, as described in paragraphs 9 - 14.

16. As part of the Protest and AFR Plaintiff submitted relevant facts, documentary evidence and legal argument in support of Plaintiff's claim that the Gold Jewelry imported from Oman qualifies for duty-free treatment under UOFTA. Plaintiff's submissions documented the 24 karat fine gold bars used to make the Gold Jewelry were sourced by the Oman jewelry maker from the United Arab Emirates ("UAE") and the United States,

then later combined by hand with trace amounts of alloy metal and hand cast, to fabricate and hand-finish wearable 22 karat gold jewelry, for which all steps of production occurring entirely in Oman.

17. Plaintiff's submissions also documented the sum of the value of the 24 karat fine gold bars from the UAE and the United States (or both), together with the direct costs of processing operations performed entirely in Oman, as not less than 35 percent of the appraised value of the article, at the time of entry into the United States. The evidence submitted by Plaintiff as described in Pars. 16 and 17 satisfies the eligibility requirements of UOFTA to receive duty free treatment for Plaintiff's Gold Jewelry entry, the subject of Protest 470123102690.

18. Customs denied Plaintiff's subject Protest 470123102690 on January 31, 2024.

19. Plaintiff alleges that Customs' January 31, 2024 decision with regard to Protest 470123102690, which upheld Customs' decision at time of the respective liquidation to classify the Gold Jewelry under subheading 7113.19.5090, HTSUS (2021) and assess additional duties against such merchandise at 5.5% together with interest, is incorrect.

WHEREFORE, Plaintiff respectfully requests this court enter judgment against Defendant and order reliquidation of the subject entry under the appropriate classification, replacing the incorrect classification and rate of duty charged on the imported merchandise by Customs at time of liquidation of such entry to the correct classification and duty-free treatment described in Pars. 16-17 herein above, and further, order that Defendant refund those amounts of duties assessed and collected by Customs at time of liquidation, which exceed those amounts of

duties rightfully due by Defendant to Plaintiff, together with interest as provided by law, and further, grant any other relief which this court may deem just and appropriate.

Dated: July 28, 2025
New York, New York

                              COWAN, LIEBOWITZ & LATMAN, P.C.
                              *Attorneys for Plaintiff*

By: /s/ Maria A. Scungio
      Maria A. Scungio
      114 West 47th Street
      New York, New York 10036-1525
      (212) 790-9200

32711/002/5177195.1